# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| S.B., by and through N.B., | ) |
|     *Plaintiff,* | ) |
| v. | ) Case No. 3:24-cv-546 |
| WILLIAMSON COUNTY BOARD OF EDUCATION, et al. | ) |
|     *Defendants.* | ) |

## DEFENDANT TENNESSEE DEPARTMENT OF EDUCATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

S.B.'s opposition focuses on saving one claim against the Department of Education—allegedly being "deprived of [the] statutorily required hearing" in the IDEA. Opp., 10. Considering that, S.B. agrees that "[e]very other claim S.B. brings lies against the School Board alone." TDOE Memo., 4, 11-12. And with that singular IDEA claim against the Department, he still vies for standing based on a past injury—caused by an independent administrative law judge—that no declaratory or injunctive order will fix. Regardless, his claim of a one-off ALJ mistake does not equate to a "systemic violation" excusing him of exhausting the IDEA's administrative process. Opp., 15.

## I. S.B. still lacks standing.

### A. S.B. only alleges that the Department caused a *past* injury.

With no damages available, S.B. needs to allege an ongoing injury to have standing. TDOE Mem., 6. He fails twice over. First, he argues (at 10) that his injury

remains ongoing because the IDEA's "statutory hearing still has not occurred." But what good is a hearing if the ALJ thinks the claims are "moot"? FAC, ¶15. Apparently, S.B. wants one just for the ALJ to declare his same claim moot face-to-face. As a workaround, he says the injury remains ongoing because he "has a disciplinary record that he seeks legal recourse to have expunged." Opp., 10 (citing FAC, 23). But that speaks only to his desired *remedy*, not his injury. FAC, 23 (listing remedies). Instead, his alleged injury for his IDEA claim against the Department stems solely from "[t]he ALJ fail[ing] to provide a fair hearing," i.e. a past injury. *Id.* at ¶¶62-63; TDOE Mem., 6. Yet, again, a "[f]ear[] that [ALJ] mistakes will recur" does not create the imminent risk of harm he needs for standing. TDOE Mem., 6 (quoting *Shelby Advocates for Valid Elections v. Hargett*, 947 F.3d 977, 981 (6th Cir. 2020)).

B. **Without the Department controlling the ALJ's decision, no traceability exists here.**

A Secretary of State ALJ's decision, which the Department has zero authority to dictate, "breaks the chain of constitutional causation" here. *Turaani v. Wray*, 988 F.3d 313, 317 (6th Cir. 2021) (quotations omitted). Yet S.B. (at 10) calls that indirect-traceability theory "plainly wrong"—strong claim when he is only backed by one out-of-circuit, outdated case. Opp., 10 (citing *Heldman v. Sobol*, 962 F.2d 148, 154 (2d Cir. 1992)). Then, as now, indirect traceability ends when third parties like ALJs "exercise their judgment" with "legitimate discretion," *Turaani*, 988 F.3d at 317 (quoting *ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989)); *Murthy Missouri*, 114 S. Ct. 1972, 1986 (2024) (quotations omitted).

2

S.B. has only one counter: "[T]here is no 'legitimate discretion' or exercise of judgment as to whether S.B. and N.B. could have a hearing." Opp., 10. But that confuses the issue. The relevant inquiry is whether the Department "cajole[d], coerce[d], [or] command[ed]" the ALJ's decision—*not* whether the ALJ made the right call when it exercised discretion in finding S.B.'s claims moot. *Turaani*, 988 F.3d at 316. Here, though, S.B. never alleges that the Department had that kind of control over this ALJ. Nor could he: the Department left the *Secretary of State's* ALJ to its "unfettered choices," *id.* at 317, thereby "maintain[ing]" the IDEA's impartial-hearing requirement, Opp., 10-11 (quoting 20 U.S.C. § 1415(a)).

At bottom, as a "majority of courts" agree, "an unfavorable decision" by an ALJ "is not sufficient to establish harm traceable to the alleged unlawful conduct" of the Department. *Anderson v. Comm'r of Soc. Sec. Admin.*, No. 1:21-CV-01471-DAR, 2022 WL 6258349, at *6 (N.D. Ohio July 11, 2022) (discussing similar traceability challenge to social-security-administration ALJ).

### C. S.B. only requests a follow-the-law injunction or an order against the School Board, *not* the Department.

For good reason, S.B. lets go of compensatory damages for his IDEA claim. *See generally*, Opp., 10; TDOE Mem., 7 (citing *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 148 (2023)). But he still thinks his injury is "redressable by [an order] declaring that S.B. and N.B. were deprived of a statutorily required hearing by TDOE and ordering TDOE to convene the hearing." Opp., 10. Of course, getting that declaratory and injunctive relief hinges on him having ongoing harm, which he never alleged. *See supra*, Sec.I.A.; TDOE Mem., 6.

3

Regardless, for declaratory relief, S.B. never justifies how a declaration would make the Department provide a hearing. TDOE Mem., 8. And for injunctive relief, he never asked this Court to order the Department "to convene [a] hearing" specifically for him. Opp., 10. Instead, as "master of [his] complaint," *McNeil v. Cmty. Prob. Servs., LLC*, 945 F.3d 991, 996 (6th Cir. 2019), he asked that the Court "direct[] Defendant TDOE *to comply* with the requirements of the IDEA to provide the very real procedural safeguards that disabled students [a]re so entitled"—*all* students, FAC, ¶116.L (emphasis added). That kind of obey-the-law injunction invites this Court to "exceed[] the norms of judicial power" by "enjoin[ing] government action against nonparties." *L.W. v. Skrmetti*, 73 F.4th 408, 415 (6th Cir. 2023).

Ultimately, the closest S.B. comes to a valid relief request is by arguing that "he has a disciplinary record that he seeks legal recourse to have expunged." Opp., 10 (citing FAC, 23). True, but he only asked for that expungement order against "Defendant *WCBOE*"—*not* the Department, FAC, 23, ¶116.J (emphasis added). Without more, he lacks a redressable IDEA claim against the Department.

## II. A one-off incident is not a systemic violation that excuses S.B. from administrative exhaustion.

S.B. thinks that alleged failures in *one* due-process hearing equals a "*systemic* violation of the IDEA." Opp., 15 (emphasis added). That stretches "systemic" to no end, with none of his string-cited cases going that far. *Id.* at 13-14. Instead, each considered whether a plaintiff "presented a broad, policy-level problem, for which it would be a waste of time to go through the administrative process," *or* presented "at its core, a context-dependent, student-specific problem"—like S.B.'s—best left to an

4

ALJ. *L.L. v. Tenn. Dep't of Educ.*, No. 3:18-CV-00754, 2019 WL 653079, at *6 (M.D. Tenn. Feb. 15, 2019) (delineating between "systemic" and "common" problems).

Not even S.B.'s main case helps him. Opp., 15 (citing *J.A. v. Monroe Twp. Bd. of Educ.*, No. 1:18-cv-09580-NLH-KMW, 2019 WL 1760583, at *5 (D.N.J. Apr. 22, 2019)). Yes, *J.A.* excused administrative exhaustion, but *only* because the complaint alleged that New Jersey's process "systematically and routinely violat[ed] the rights of all class members." 2019 WL 1760583, at *5. By contrast, S.B. alleges zero systemic and routine violations. Instead, there is only one, unrepeated "deviation[] from the applicable regulations in his particular administrative proceeding," the kind "fully correctable upon" further review. *Bowen v. City of N.Y.*, 476 U.S. 467, 484-85 (1986); FAC, ¶¶62-65, 75-77. Considering that, he must have exhausted his claim against the Department to ever state one here.

## CONCLUSION

With no ongoing injury caused by the Department, his claim is not redressable, meaning he has no business standing in this Court. And with no systemic violation, he has no excuse for ignoring the administrative process. Either way, this Court should dismiss his IDEA claim against the Department, with all other claims lying against the School Board alone.

Respectfully submitted,

*/s/ Trenton Meriwether*
Trenton Meriwether (BPR# 038577)
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 253-3211
trenton.meriwether@ag.tn.gov

*Counsel for Defendant Tennessee Department of Education*

6

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing document has been served via this Court's electronic filing system on this 22nd day of August 2024 upon all counsel of record.

                                                  */s/ Trenton Meriwether*
                                                  TRENTON MERIWETHER