IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| S.B., THE MINOR STUDENT, BY AND THROUGH N.B., THE STUDENT'S PARENT, ) ) ) ) | |
| Plaintiffs, ) | NO. 3:24-cv-00546 |
| ) | |
| v. ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE NEWBERN |
| WILLIAMSON COUNTY BOARD OF EDUCATION, et al., ) ) ) | |
| Defendants. ) | |

## ORDER

Pending before the Court is the Tennessee Department of Education's motion to dismiss (Doc. No. 24), brought under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), which is fully briefed. (Doc. Nos. 30, 32). For the reasons discussed below, the motion (Doc. No. 24) is **GRANTED** under Rule 12(b)(1).

This case is brought by a minor student, S.B., through their parent, N.B. (collectively "Plaintiffs") against the Williamson County Board of Education (the "County") and the Tennessee Department of Education (the "State") under various legal theories arising from Plaintiffs' dissatisfaction with the handling of a disciplinary incident for which Plaintiffs claim that S.B. was denied a fair hearing. (*See* First Amended Complaint, Doc. No. 8). While the first amended complaint specifies various causes of action against the County (*id*. ¶¶ 78-115), these claims appear to be limited to the County notwithstanding the use of the term "Defendants" at the end of each count.

Plaintiffs' claims against the State are narrower than those asserted against the County. Plaintiffs allege that the State violated S.B.'s due process rights by denying an appeal of a

determination made by the County, as required by the IDEA (*id*. ¶ 75), failing to provide an "impartial hearing officer sufficiently trained to hear IDEA due process complaints" (*id*. ¶ 76) and denying of a FAPE by failing to provide an impartial due process hearing and properly trained hearing officers (*id*. ¶ 77). Through the pending motion to dismiss, the State contends that Plaintiffs lack standing or, in the alternative, failed to exhaust their administrative remedies. (Doc. No. 24).[1]

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *Jones v. Glad Music Publ'g & Recording LP*, 535 F. Supp. 3d 723, 730 (M.D. Tenn. 2021) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). According to the pending motion, TDOE brings a facial attack. (*See* Doc. No. 24-1 at PageID # 88). "A facial attack under Rule 12(b)(1) 'questions merely the sufficiency of the pleading,' and the trial court therefore takes the allegations of the complaint as true." *Jones*, 535 F. Supp. 3d at 730 (quoting *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *See Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (citation omitted). "If the allegations in the Complaint establish federal claims, the exercise of subject matter jurisdiction is proper." *Id*. The plaintiff has the burden of establishing jurisdiction to survive a motion to dismiss. *See Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Ashcroft*

---

[1] Because the Court finds the State is entitled to dismissal under Rule 12(b)(1), it does not reach the State's argument for dismissal based on failure to exhaust administrative remedies.

*v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*

To demonstrate standing at the pleading stage, Plaintiffs must allege "an injury in fact … fairly traceable to the challenged conduct of the [State] … that is likely to be redressed by the requested relief." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 296 (2022) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). Compensatory damages are not recoverable under the IDEA. *See Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 147–48 (2023). While compensatory damages may be recoverable under Plaintiffs' various theories of liability against the County, a fair reading of the first amended complaint reveals that Plaintiffs' only claim of the State's liability is tied to its purported obligations under the IDEA. Indeed, Plaintiffs' response makes no argument to the contrary.

Accordingly, the only relief Plaintiffs demand against the State is declaratory and injunctive in nature. (*See* First Amended Complaint, Doc. No. 8 ¶ 116 (F), (L), (M), and (N)). To obtain relief that enjoins the State's future conduct, Plaintiffs must have pleaded facts that show a "real or immediate threat of repeated injury." *Murthy v. Missouri*, 144 S. Ct. 1972, 1986 (2024) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)). As the State correctly points out, Plaintiffs point only to the harm allegedly resulting from the County's handling of an incident in October 2023 after months of incidents and events concerning S.B.'s behavior and IEP (Doc. No. 8 ¶¶ 28-42), which culminated in the County's determination that a behavior incident was not a

manifestation of S.B.'s disability (*Id*. ¶ 43). Following a 30-day placement of S.B. at a different school, they returned to their regular school (*Id*. ¶ 15) and later "sought educational opportunities elsewhere." (*Id*. ¶ 61). Given those facts alleged by Plaintiffs, a real and immediate threat of repeated injury does not exist here. Indeed, Plaintiffs' argument on this issue focuses entirely on the harm alleged flowing from past events, not the threat of repeated injury necessary for prospective injunctive relief. Thus, Plaintiffs lack standing to pursue injunctive relief against the State.[2]

Turning to declaratory judgment relief, Plaintiffs ask the Court to declare that the State failed to ensure the County's "compliance with the IDEA" and failed "to provide an impartial due process hearing and properly trained hearing officers." (*Id*. ¶ 116 (F)). The specific declaratory judgment Plaintiffs seek is problematic in terms of a redressable injury, which must exist for standing. This is true for two reasons. First, Plaintiffs concede that the State "delegated resolution of special education due process cases to the state administrative law judges from the Tennessee Secretary of State, Administrative Procedures Division." (Doc. No. 30 at PageID # 129 (citing Tenn. Spec. Educ. Rule § 0520-01-09-.18(1)). Plaintiffs do not argue, let alone plead facts, that would suggest that delegation was improper or resulted in the alleged harm here. Thus, the independent determinations of an ALJ not under the control of the State such that standing to obtain declaratory judgment against the State would be appropriate. Second, as the State correctly

---

[2] Further, the specific injunctive relief set forth in the first amended complaint would merely require the State to comply with the law without regard to future actions concerning Plaintiffs. The allegations in the first amended complaint do not support, even if accepted as true, Plaintiffs' entitlement to a broad "obey-the-law" injunction. *See E.E.O.C. v. AutoZone, Inc.*, 707 F.3d 824, 841–42 (7th Cir. 2013) (analyzing the concerns with broad injunctions that prospectively order a party to obey existing law).

observes, all of the alleged injuries occurred in the past, so a declaration against the State would not redress those alleged injuries.[3]

Because Plaintiffs seek declaration of only past harms and has not pleaded facts to establish a real and immediate threated of repeated injury to Plaintiffs from the State, Plaintiffs fail to establish standing to pursue claims against the State.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In a typical declaratory judgment case, such as those seeking a declaration of property, ownership, or the existence of a contract, a determination of that issue would impact the parties past, present, and future, which is not the case here.